◼ LEON MOORE, an Infant, by LEONA MOORE, His Guardian ad Litem, et al., Respondents, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant, et al., Defendant.— In an action to recover damages for personal injury and loss of services sustained as a consequence of the alleged negligence of the defendant Board of Education of the City of New York, the said defendant appeals from a judgment of the Supreme Court, Kings County, entered July 31, 1962 after trial, upon a jury's verdict in the infant plaintiff's favor for $8,500 and in the plaintiff mother's favor for $2,000. The action against the City of New York was discontinued during trial. Judgment reversed on the law and the facts, without costs, and complaint dismissed on the law, without costs. The infant plaintiff claims that on March 28, 1958 he struck his head on the bottom of a steel crossbeam while descending a flight of stairs in the Alexander Hamilton Vocational High School. At that time his height was six feet and three inches. He testified that he was standing on the second step from the bottom when he struck his head. From the nose of the tread of the first step to the bottom of the steel crossbeam overhead, the measured distance

was six feet and five and three-eighth inches. From the nose of the tread of the second step to the end of the steel crossbeam nearest the stairs, the measured distance was seventy-one and five-eighth inches. Hence, if the infant plaintiff had walked normally down the stairs it would have been a physical impossibility for the accident to have occurred (*Hunter* v. *New York, Ontario & Western R. R. Co.*, 116 N. Y. 615). The added fact, as testified to by him, that he crouched as he attempted his passageway further eliminated the possibility of his striking his head. Moreover there was no proof of prior accidents on this stairway, except those incidents claimed to have happened to the plaintiff, although the building was constructed in 1904 and since that time there was no change in the construction of its stairways. The use of a stairway without incident over a long period of time negates the possibility that it was improperly constructed (*Brown* v. *Mutual Life Ins. Co.*, 273 App. Div. 817, affd. 298 N. Y. 675). Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.